UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM THE PEOPLE'S COURT OF DA NANG CITY IN VIETNAM IN THE MATTER OF THI THU DINH v. NGOC HUNG NGUYEN | Case No. 22-mc-80149-JST<br><br>**AMENDED ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: ECF No. 1 |

Before the Court is the Government's ex parte application for an order pursuant to 28 U.SC. § 1782 authorizing service of a subpoena for written testimony from Ngoc Hung Nguyen. ECF No. 1. The Court will grant the motion.

**I.      BACKGROUND**

According to the application, Nguyen's spouse petitioned The People's Court of Da Nang City, Vietnam ("Requesting Court") for divorce from Nguyen. ECF No. 1-1 at 2. The Requesting Court seeks a signed statement from Nguyen responding to questions regarding his position on the petition and a production of documents relevant to the divorce proceeding. *Id.* at 2-3. After the Requesting Court sent a Letter of Request to the U.S. Department of Justice ("DOJ"), the DOJ sent three letters to Nguyen in February, March, and April of this year informing him of the letter and asking that he comply with the requests. *Id.* Federal Express provided proof-of-delivery that all three letters were delivered to Nguyen's residence and two were signed for by "N. Nguyen." *Id.* Nguyen never responded. *Id.*

The U.S. Attorney's Office filed this application with the Court on June 14, 2022. ECF No. 1. The deadline to respond has passed and no response has been filed.

## II. LEGAL STANDARD

A district court may grant a Section 1782 application where: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (citations omitted).

Even if an application satisfies the statutory requirements, the district court retains substantial discretion in deciding whether to grant or deny the request. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260-61 (2004). In making this determination, courts consider the following factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to federal-court judicial assistance," (3) whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65. The Court is also guided by Section 1782's twin aims to "provid[e] efficient assistance to participants in international litigation and encourage[e] foreign countries by example to provide similar assistance to our courts." *Id.* at 252.

Although ex parte requests are generally disfavored, "[Section] 1782 petitions are regularly reviewed on an ex parte basis." *In re Ex Parte Appl. Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) (citing cases). The usual concerns presented by ex parte requests are mitigated in this setting because even after a court authorizes a discovery request under Section 1782, the opposing party typically retains the right to "raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash." *Id*; *see also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas.").

### III. DISCUSSION

#### A. Statutory Requirements

The application satisfies the statutory requirements of Section 1782. First, Nguyen resides in San Jose, California, which is within the Northern District of California. 28 U.S.C. § 1782(a); ECF No. 1-2 at 2, 4. Second, the requested testimony is for use in a divorce proceeding pending in a court in Vietnam. ECF No. 1-1 at 6. Third, the United States filed this application on behalf of The People's Court of Da Nang City, Vietnam, a foreign tribunal. *Id.* at 5-6.

#### B. Discretionary Factors

The first discretionary factor considers whether "the person from whom discovery is sought is a party to the foreign proceeding." *Intel*, 542 U.S. at 244. "The key issue is whether the material is obtainable through the foreign proceeding." *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *2 (N.D. Cal. Aug. 10, 2021) (citation omitted); *see also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; thus, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Nguyen is a named party in the divorce proceedings, but he is not subject to the Requesting Court's jurisdictional reach because he resides in San Jose. Therefore, this factor weighs in favor of granting the application.

The second factor asks the Court to evaluate "the receptivity of the [foreign court] . . . to federal-court judicial assistance." *Intel*, 542 U.S. at 244. The fact that the foreign court initiated the request weighs in favor of granting the application. *In re Request for Judicial Assistance From Obolonskyi Dist. Ct. in Kyiv, Ukraine*, No. 20-mc-80023-JSC, 2020 WL 571032, at *3 (N.D. Cal. Feb. 5, 2020) (finding the second and third factor met where the United States brought the request on behalf of a court in Ukraine); *see also In re Request for Judicial Assistance from the Dist. Ct. in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 527 (E.D. Va. 2010) ("Clearly, the Svitavy Court is receptive to the assistance of this Court, considering that the Request for Judicial was initiated by the Svitavy Court itself, not by a litigant operating independently.").

Nothing suggests that the application is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country of the United States." *Intel*, 542 U.S. at 264-65;

3

*see Varian*, 2016 WL 1161568, at * 5 (finding that this factor weighed in favor of granting where the "Court does not have any reason to believe that it is an attempt to undermine the [foreign] court or its policies or proof-gathering restrictions); *Matter of Leon*, No. 19-mc-80296-DMR, 2020 WL 1820683, at *3 (N.D. Cal. Apr. 10, 2020) (same).  Therefore, the third factor also weighs in favor of granting the application.

Finally, the requested information is not unduly burdensome or intrusive.  Section 1782 provides that the district court "may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of [her] appointment, the person appointed has power to administer any necessary oath and take the testimony or statement." 28 U.S.C. § 1728(a).  The Requesting Court seeks Nguyen's testimony responding to limited questions regarding his positions on eight topics—including shared children, debts, and assets with the petitioner—relevant to its adjudication of Nguyen's spouse's petition for divorce.  *See In re Mut. Assistance of Local Ct. of Wetzlar, Germany*, No. 1:17-mc-00078-SKO, 2018 WL 2183966, at *4 (E.D. Cal. May 11, 2018) (finding request for responses to "ten questions regarding Respondent's involvement with the minor child and/or his mother" was "clearly relevant and within the scope of" a parental custody case pending in a German court in which the respondent was a named party).  The Requesting Court asks that Nguyen submit his written testimony though a signed statement, and it provides the questions in Vietnamese and English.  ECF No. 1-1 at 7-8; ECF No. 1-2.  The Requesting Court also asks Nguyen to provide documents that are relevant to the proceeding.  ECF No. 1-1 at 8.  These requests for evidence routinely provided in divorce proceedings are not unduly intrusive or burdensome.  *See In re Svitavy*, 748 F. Supp. 2d at 529 (holding that a DNA sample by buccal swab was "a simple request for the production of evidence that is routinely provided in support of paternity actions" and "not unduly intrusive or burdensome").

The statutory requirements are met, and the discretionary factors set forth by the Supreme Court in *Intel* favor granting the Section 1782 application.

## CONCLUSION

For the foregoing reasons, the Court grants the Section 1782 application and orders the

following:

1. The Court appoints Assistant United States Attorney Sapna Mehta as Commissioner and authorizes AUSA Mehta to obtain the requested testimony from Ngoc Hung Nguyen in the form of a written affidavit for transmission to the Office of International Judicial Assistance, United States Department of Justice, who will then transmit it to the Requesting Court for use in *Thi Thu Dinh v. Ngoc Hung Nguyen*, Foreign Reference Number 08/TTTPDS-TA15.

2. At the time of service of the subpoena, the United States must also serve a copy of this Court's order on Nguyen. The return date of the subpoena must be at least 30 days from the date of service.

3. Within 30 calendar days from receipt of the subpoena, provided that no objection or motion to quash is received, Nguyen shall provide the requested testimony in a signed affidavit to AUSA Mehta by email at sapna.mehta@usdoj.gov and by mail to the following address:

> Sapna Mehta
> U.S. Attorney's Office
> 450 Golden Gate Ave. Box 36055
> San Francisco, CA 94102

4. This order does not preclude the United States from filing an amended application for a further order authorizing an amended subpoena requesting additional information from the witness in the event the Requesting Court requests additional information from the witness after reviewing his response to the subpoena authorized by this order.

///
///
///
///
///
///

1    The Clerk shall enter judgment in favor of the United States and close the file.  The
2 United States shall serve a copy of this order and file proof of service thereafter.  Within 14 days
3 from the date of receipt of copies of the subpoena and this order, any interested party may file a
4 motion in this Court contesting the subpoena.  Should any person do so, this action shall
5 automatically be reopened.

**IT IS SO ORDERED.**

Dated:  August 11, 2022



JON S. TIGAR
United States District Judge